WESTINGHOUSE ELECTRIC & MFG. CO. v. SUTTER et al.

(Circuit Court of Appeals, Third Circuit. January 27, 1913.)

No. 1,638, October Term, 1912.

PATENTS (§ 328*)—INFRINGEMENT—ELECTRICAL TRANSFORMER.

The practical gist of the Stanley patent, No. 469,809, for a system of electrical distribution, lies in two factors: First, the application of the so-called Stanley or $C^2R$ rule for determining the length of wire on the primary coil of the transformer, and, second, the use of a predetermined length of wire on such coil; as so construed *held* not infringed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by the Westinghouse Electric & Manufacturing Company against Frederick C. Sutter and others for infringement of letters patent No. 469,809, for a system of electrical distribution granted to William Stanley, Jr., March 1, 1892. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 194 Fed. 888.

Gifford & Bull, of New York City, for appellant.

Edwards, Sager & Wooster, of New York City, and S. S. Mehard, of Pittsburgh, Pa., for appellees.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

BUFFINGTON, Circuit Judge. This case, while it involves a large record and a review of alleged conflicting decisions in the First and Second Circuits, comes down finally to a narrow question of fact in the end. The opinion of the court below (C. C.) 194 Fed. 888, is so full that we confine ourselves to briefly stating our conclusions. The problem to which both complainant's and defendants' devices are addressed was to provide self-regulating means whereby a variable number of electric lights located on a secondary wire would not have their brilliancy varied by reason of variation in number. In other words, that, in spite of a varied pull and consumption on the capacity of the device, the light product would be uniform. To accomplish this result, the patent in suit made use of a predetermined length of wire on the primary coil, which length was such "that reacting self-inductively upon its own magnetic circuit the average counter potential so produced approximately equals the potential applied to the primary circuit." This length of wire Stanley, the patentee, determined by what is called the Stanley $C^2R$ rule. The operative gist of his device was this predetermined length of wire on the primary coil. The defendants' device attacked the problem in a different way. In it the length of wire on the primary coil was a matter of indifference, and the variable factor was the varying voltage. It was the antithesis of Stanley's device and involved neither a predetermined length of primary wire nor the application of the $C^2R$ rule. The view of the Second Circuit was that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the gist of Stanley's patent was a predetermined length of wire, and not the Stanley rule by which that predetermined length of wire was figured out. The view of the First Circuit was that the gist of the patent consisted in the process in which the C²R rule was applied. In our view the alleged diversity between the two views is rather a difference in statement than substance, for giving full weight to both, as we do, we are clear that the practical gist of the Stanley disclosure lies in the two factors: (1) The application of the C²R rule; and (2) the use of a definite limited length of primary wire. The two factors, first, definite wire length, and, second, application of rule to obtain it, are neither of them present or utilized in the defendants' device.

It follows, therefore, that defendants do not infringe, and the case is affirmed on the opinion of the court below.